UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BARING INDUSTRIES, INC.,

                           Plaintiff,

- against -

3 BP PROPERTY OWNER LLC,
DADONG CATERING LLC,
TRANSEL ELEVATOR & ELECTRIC INC.
d/b/a TEI GROUP,

                           Defendants.
-------------------------------------------------------------X

**Docket No. 19-CV-2829**

**COMPLAINT**

**Diversity Jurisdiction**
**28 OF THE UNITED STATES CODE**
**§1332(a)(1)**

**Complaint to Foreclose a**
**Notice Under Mechanic's Lien Law**

## **COMPLAINT**

Plaintiff BARING INDUSTRIES, INC., by and through its attorneys, Rosen Law LLC, as and for their Complaint against Defendants respectfully allege and set forth as follows and Plaintiff believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery:

1. Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff BARING INDUSTRIES, INC. ("Plaintiff BARING") was and is a foreign business corporation organized and existing under and by virtue of the laws of the State of Nevada, which is authorized to do business in the State of New York, with its principal place of business located at 3249 S.W. 42nd Street, Fort Lauderdale, State of Florida, 33312.

2. Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant 3 BP PROPERTY OWNER LLC ("Defendant 3BP" or "Owner") was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware, which is authorized to do business in the State

1

of New York, with its principal place of business located at 10 South Riverside Plaza, Suite 1250, Chicago, Illinois 60606.

3. Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant DADONG CATERING LLC ("Defendant DADONG") was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware, which is authorized to do business in the State of New York, with its principal place of business located at 1500 Broadway, Suite 2202, New York, New York 10036.

4. Upon information and belief, at all times hereinafter mentioned and at the time of the commencement of this action, Defendant TRANSEL ELEVATOR & ELECTRIC INC. d/b/a TEI GROUP ("Defendant TEI") was and is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 30-30 47th Avenue, Suite 610, Long Island City, New York 11101.

## JURISDICTION AND VENUE

5. **THAT THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS JURISDICTION OVER THE PARTIES, PURSUANT TO TITLE 28 OF THE UNITED STATES CODE §1332**(a)(1) as Plaintiff and Defendant are citizens of different states; and supplemental jurisdiction pursuant to **TITLE 28 OF THE UNITED STATES CODE §1367, WHICH PROVIDES THE DISTRICT COURT WITH JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.**

6. **THE MATTER IN CONTROVERSY EXCEEDS THE SUM OR VALUE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS.**

7. **THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS VENUE PURSUANT TO TITLE 28 OF THE UNITED STATES CODE §1391(b)(2), AS A**

**SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO THE PLAINTIFF'S CLAIM OCCURRED, OR A SUBSTANTIAL PART OF THE PROPERTY THAT IS THE SUBJECT OF THE ACTION IS SITUATED IN NEW YORK COUNTY, STATE OF NEW YORK, WITHIN THE SOUTHERN DISTRICT OF NEW YORK.**

8. That at all times hereinafter mentioned, Defendants conducted business in the Southern District of New York.

9. That at all times hereinafter mentioned, the Defendant 3BP did own, operate, maintain, manage and control the real property located in the Southern District of New York at 3 Bryant Park, a/k/a 1095 Avenue of the Americas and 126-128 West 42nd Street, County, City and State of New York 10036 (hereinafter referred to as the "Subject Premises").

10. Defendant 3BP is named as a defendant pursuant to a Notice Under Mechanic's Lien Law filed in the Office of the New York County Clerk on February 15, 2019.

11. Defendant DADONG is named as a defendant pursuant to an agreement with Plaintiff further set forth herein whereby Plaintiff provided labor and materials to Defendant DADONG at the Subject Premises in furtherance of their agreement for the agreed upon price of $2,147,039.41, which has not been paid in full by Defendant DADONG and a balance owed to Plaintiff in the amount of $320,356.94.

12. Defendant TEI is a necessary party by virtue of the filing of Notice of Mechanic's Lien filed in the Office of the County Clerk of New York County, New York on March 5, 2019 and wherein Defendant TEI claims a lien on the Subject Property in the amount of $52,158.75.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT DADONG CATERING LLC
## TO FORECLOSE A MECHANIC'S LIEN

13. The Subject Premises if known as BLOCK 994, LOT 1011 on the Tax Map of the City of New York in the COUNTY OF NEW YORK.

14. Upon information and belief that at all times herein mentioned the Defendant 3BP was and still is the owner in fee simple of premises known as and by 3 Bryant Park, New York, New York also known as BLOCK 994, LOT 1011 on the Tax Map of the City of New York in the COUNTY OF NEW YORK.

15. The Subject Premises is used for commercial purposes which is operated by tenants of Defendant 3BP.

16. Upon information and belief, the Subject Premises known as 3 Bryant Park, New York, New York also known as BLOCK 994, LOT 1011 on the Tax Map of the City of New York in the COUNTY OF NEW YORK is also described as:

> All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, being the 1095 Avenue of the Americas Condominium in the Building located at and known as and by the Street Number 1095 Avenue of the Americas and 126-128 West 42nd Street, County, City and State of New York, designated and described as Unit Number RETAIL UNIT AND RETAIL ANNEX MAIN UNIT in the Declaration Establishing a Plan for Condominium Ownership of said building and the land upon which it is situate under Article 9-B of the Real Property Law of the State of New York dated September 9, 2005 and recorded on September 22, 2005 in the Office of the Register of the City of New York, County of New York in CRFN. No. 2005000530502, as amended said Unit also being designated as Tax Lot No. 1011 in Block 994 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York and on the Floor Plans of said Building, filed in the Real Property Assessment Department of the City of New York as Condominium Plan Number 1485 and also filed in the City Register's Office on September 22, 2005 in CRFN No. 2005000530503, as amended; the land on which the building containing the Unit is situate is described in said Declaration; together with an undivided 4.957% percent interest in the Common Elements of the Condominium as described in the Declaration.

## **THE AGREEMENT**

17. On or about May 15, 2017, Plaintiff and Defendant DADONG entered into a written agreement whereby Plaintiff agreed to provide labor, materials and services including project management, coordination and installation of foodservice equipment, including but not limited to ranges, hoods, walk-in refrigerators at the Subject Premises (the "Agreement").

18. Defendant DADONG agreed to pay the sum of $2,147,039.41 to Plaintiff for the aforesaid labor and materials.

19. Plaintiff and Defendant DADONG entered into an agreement for labor performed and goods sold and delivered.

20. Plaintiff duly performed all conditions on its part to be performed.

21. Defendant DADONG has not performed in full, leaving a balance due in said agreement in the specific sum of $320,356.94 plus attorneys' fees.

22. Upon information and belief, the labor and materials furnished by Plaintiff to Defendant DADONG were used for improvements to the Subject Premises.

23. That Plaintiff performed the terms of the agreement with Defendant DADONG by providing labor and furnishing materials in connection with the Subject Premises from approximately May 15, 2017 to July 18, 2018.

24. Plaintiff filed a Notice Under Mechanic's Lien Law against the Subject Premises so that at the time of the filing of the Plaintiff's Notice Under Mechanic's Lien Law, as hereinafter mentioned, Plaintiff fully performed all of its obligations under the terms and conditions of the agreement with Defendant DADONG and Plaintiff was due to be paid and has not been paid the sum of $320,356.94, which remains unpaid and due and owing to Plaintiff for labor performed and materials furnished.

25. On or about February 15, 2019, and within eight (8) months from the last date of furnishing by the Plaintiff of the said materials and labor, Plaintiff filed or caused to be filed in the Office of the Clerk of the COUNTY OF NEW YORK, STATE OF NEW YORK, a Notice Under Mechanic's Lien Law in writing, which notice did state among other things the name of the owner of the real property whose interest therein a lien is claimed, the nature of such interest, the name of the person by whom the lienor was employed, to whom it furnished materials, for whom it performed labor and with whom the contract was made for the labor and materials, the materials furnished, the labor performed, the agreed price and value of the materials furnished and labor performed, the amount unpaid to the lienor for the materials furnished and labor performed, the date when the first items of material were furnished and labor performed and the date when the last items of material were furnished and labor performed and a description of the property sufficient for identification.

26. The said notice of lien stated, among other things, (1) the name and residence of the lienor, the plaintiff herein; (2) the name of the owner of the real property against whose interest a lien was claimed, and the interest of the owner as far as known to the lienor; (3) the name of the person with whom the contract was made; (4) the labor performed and material furnished and the agreed price thereof; (5) the amount unpaid to the lienor for such labor and materials; (6) the time when the first and last items of work were performed and materials were furnished; (7) the property subject to the lien, with a description thereof sufficient for identification, and its location by street and number.

27. That said notice of lien was duly verified and complied in all respects with the N.Y. Lien Law in reference to the filing and acquiring of mechanic's liens affecting private improvements.

28. The work, labor and services performed by the Plaintiff and the materials furnished by it in connection therewith were so performed and furnished toward the improvement of the said premises and toward the enhancement thereof.

29. The work, labor and services performed by Plaintiff and the materials furnished by it in connection therewith were part of the work, labor and services and materials required under the agreement between Defendant DADONG and Plaintiff to be performed and furnished by the Plaintiff and said work, labor and services so performed by Plaintiff and the materials furnished in connection therewith were so performed and furnished with the knowledge, permission and consent and at the specific request of Defendant DADONG and were so performed and furnished toward the improvement of the said premises and toward the enhancement thereof.

30. Upon information and belief the said notice of lien was duly docketed in the lien docket kept by the Clerk of the COUNTY OF NEW YORK, STATE OF NEW YORK for that purpose on February 15, 2019.

31. That on or about February 15, 2019, a true copy of said notice of lien was served upon Defendant DADONG and 3BP as required by statute.

32. That no part of the Plaintiff's lien has been paid, waived, cancelled or discharged and that no proceedings either at law or in equity have ever been brought to recover any part of the said lien or claim upon which it is founded, leaving a balance due and owing in the amount of $320,356.94 with interest from February 15, 2019.

33. Said lien has not been canceled or otherwise discharged.

34.     No action has been brought by this plaintiff for the foreclosure of said lien, nor has this plaintiff been made a party defendant to any action brought for the foreclosure of another lien or mortgage against said real property or any part thereof.

35.     That the Plaintiff herein has no adequate remedy at law.

36.     No action or proceeding has been brought at law or otherwise for the recovery of said sum, or any part thereof.

37.     Upon information and belief, no other person or persons have filed mechanic's liens against said real property, or any part thereof, nor have subsequent liens or claims by judgment, mortgage, or conveyance been made or filed or rendered against said real property or any part thereof, except those named in this action.

38.     By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 and demands judgment thereof with interest from February 15, 2019.

39.     As a consequence of the foregoing, Plaintiff demands judgment of foreclosure of the Mechanic's Lien and judgment in the sum of $320,356.94, plus interest from February 15, 2019 on the First Cause of Action.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANT DADONG CATERING LLC FOR BREACH OF CONTRACT

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as though more fully set forth at length herein.

41.     Plaintiff performed all obligations which it was required to perform under its aforesaid agreement with Defendant DADONG.

42. Defendant DADONG breached the aforesaid agreement with Plaintiff by failing to pay to Plaintiff the sum of $320,356.94.

43. That Plaintiff has been injured as a result of Defendant DADONG's failure to pay the sum of $320,356.94 to Plaintiff.

44. By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant DADONG by Plaintiff, plus costs, disbursements and attorneys' fees.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AGAINST DEFENDANT DADONG CATERING LLC
## FOR UNJUST ENRICHMENT

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as though more fully set forth at length herein.

46. Defendant DADONG received and accepted work, labor and services and materials from Plaintiff, at the specific request of Defendant DADONG.

47. That a benefit was bestowed upon Defendant DADONG by Plaintiff.

48. That unless Plaintiff is paid the sum of $320,356.94, Defendant DADONG will obtain a benefit without adequately compensating Plaintiff.

49. That Plaintiff demanded that defendants pay the sum of $320,356.94.

50. That Defendant DADONG has refused to pay the sum of $320,356.94 to Plaintiff.

51. That Defendant DADONG has been unjustly enriched.

52. That equity and good conscience require restitution to Plaintiff.

53. By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant DADONG by Plaintiff, plus costs, disbursements and attorneys' fees.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### AGAINST DEFENDANT DADONG CATERING LLC
### FOR QUANTUM MERUIT

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" of this complaint, with the same force and effect as if more fully set forth at length herein.

55. During the period from on or about May 15, 2017 to July 18, 2018, Plaintiff performed the aforementioned work at the express and/or implied request of Defendant DADONG.

56. The unpaid balance of the aforesaid services performed is valued at $320,356.94.

57. Plaintiff demanded payment of said sum and Defendant DADONG has refused to make payment of $320,356.94.

58. Therefore, Defendant DADONG is liable to Plaintiff in the amount of $320,356.94 with interest thereon from February 15, 2019, together with the costs of this action.

59. By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant DADONG by Plaintiff, plus costs, disbursements and attorneys' fees.

**AS AND FOR A FIFTH CLAIM FOR RELIEF
AGAINST DEFENDANT DADONG CATERING LLC
FOR ACCOUNT STATED**

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" of this Complaint, with the same force and effect as if more fully set forth at length herein.

61. That heretofore, Plaintiff rendered to Defendant DADONG, full and true accounts of the indebtedness owing by Defendant DADONG as a result of the Agreement, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by Defendant DADONG resulting in an account stated for the amount set forth above.

62. Defendant DADONG has failed and to pay the full amounts demanded and there remains unpaid balance relating to the account statements in the sum of $320,356.94.

63. Defendant DADONG is liable to Plaintiff in the amount of $320,356.94 with interest thereon from February 15, 2019, together with the costs of this action.

64. By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant DADONG by Plaintiff, plus costs, disbursements and attorneys' fees.

**AS AND FOR A SIXTH CLAIM FOR RELIEF
AGAINST DEFENDANT DADONG CATERING LLC
FOR VIOLATION OF NEW YORK GENERAL BUSINESS
LAW SECTION 756-a (PROMPT PAYMENT ACT)**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" of this complaint, with the same force and effect as if more fully set forth at length herein.

66. Defendant DADONG contracted with Plaintiff.

67. Plaintiff delivered all contractually required documentation to Defendant DADONG pursuant to the Contract.

68. Plaintiff delivered invoices to Defendant DADONG which were not disapproved.

69. Defendant DADONG failed to approve or disapprove all or a portion of the invoices and the statement of account delivered to Defendant DADONG by Plaintiff within twelve business days.

70. Defendant DADONG unreasonably withheld approval for payment invoices remitted to Defendant DADONG by Plaintiff within twelve business days after receipt by Defendant DADONG.

71. Defendant DADONG failed to prepare and issue a written statement to Plaintiff describing any items in the invoices and/or the account stated sent by Plaintiff to Defendant DADONG which Defendant DADONG declined to approve.

72. Defendant DADONG has waived the right and ability to contest the work, labor, services and materials provided by Plaintiff to Defendant DADONG pursuant to the Contract and therefore, Defendant DADONG is liable to Plaintiff for the sum of $320,356.94 plus interest, costs, disbursements and attorneys' fees.

73. By reason of the foregoing, Plaintiff has been damaged in the sum of $320,356.94 with interest at the rate of 9% per annum from the date that the work, labor, services and materials were provided to Defendant DADONG by Plaintiff, plus costs, disbursements and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment:

a) That the Court determine the equities and priorities of the liens and claims herein.

b) That the Court decree that by the filing of the Plaintiff's Notice Under Mechanic's Lien Law that the Plaintiff acquired and now has a good, valid and subsisting lien in the amount of $320,356.94, with interest thereon from February 15, 2019.

c) That the Subject Premises herein be sold in accordance with law and the rules and practice of this Court and out of the proceeds of the sale the Plaintiff and other valid mechanic's lienors be paid the amount of their respective liens in proportion to such liens and in the event of any deficiency that the Plaintiff herein have judgment for such deficiency against the Defendants.

d) That the amount due upon plaintiff's lien and claim for principal and interest be ascertained and adjudged.

e) That plaintiff be determined and adjudged to have a valid and subsisting lien upon the interest of Defendant 3 BP PROPERTY OWNER LLC in the Subject Premises, for the sum of $320,356.94, with interest thereon from February 15, 2019;

f) That the Mechanic's Lien filed by Plaintiff be deemed to have priority over any subsequently filed Mechanic's Liens of record against the Subject Premises and paid from the sale of the Subject Premises in full prior to payment to any lienors of subsequently filed Mechanic's Liens;

g) That the defendants, and all persons claiming under them or either or any of them, subsequent to the filing of the notice of pendency of this action in the office of the Clerk of the COUNTY OF NEW YORK, STATE OF NEW YORK in which said real property is situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded,

filed, or docketed be forever barred and foreclosed of all right, claim, lien, and equity of redemption in the said real property or any part thereof;

    h) That the interest of Defendant 3 BP PROPERTY OWNER LLC as of the date of the filing of said notice of lien may be decreed to be sold according to law;

    i) That the moneys arising from said sale may be brought into court;

    j) That plaintiff may be paid therefrom the amount adjudged to be due to the plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same.

    k) That the defendants may be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto.

    l) That Plaintiff be granted judgment of foreclosure of the Mechanic's Lien and judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the First Cause of Action;

    m) That Plaintiff be granted judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the Second Cause of Action;

    n) That Plaintiff be granted judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the Third Cause of Action;

    o) That Plaintiff be granted judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the Fourth Cause of Action;

    p) That Plaintiff be granted judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the Fifth Cause of Action;

q) That Plaintiff be granted judgment in the sum of $320,356.94 plus interest from February 15, 2019 on the Sixth Cause of Action;

r) That if for any reason Plaintiff is unable to establish a good and valid lien that the Plaintiff have a personal judgment against Defendant DADONG CATERING LLC for the sum of $320,356.94 plus interest from February 15, 2019;

s) That the Plaintiff herein have such other and further relief as to the Court may seem just, proper and equitable in the premises together with the costs and disbursements of this action.

Dated: Great Neck, New York
       March 29, 2019

*(signature)*

Jared Rosen, Esq. (JR-5381)
Rosen Law LLC
Attorney for Plaintiff
216 Lakeville Road
Great Neck, New York 11020
Telephone number: 516-437-3400
Fax number: 516-334-3000
Email: jared@rosenlawllc.com

**DOCKET NO. 19-CV-2829**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**BARING INDUSTRIES, INC.,**

                    **Plaintiff,**

  - against -

**3 BP PROPERTY OWNER LLC,**
**DADONG CATERING LLC,**
**TRANSEL ELEVATOR & ELECTRIC INC.**
**d/b/a TEI GROUP,**

                    **Defendants.**

**COMPLAINT**

**SIGNATURE (RULE 11)**

_____
**JARED ROSEN, ESQ.**

                    **ROSEN LAW LLC**
                    **216 LAKEVILLE ROAD**
                    **GREAT NECK, NEW YORK 11020**
                    **516-437-3400**

**TO:**
**ATTORNEY(S) FOR:**

**SERVICE OF A COPY OF THE WITHIN**         **IS HEREBY ADMITTED**
**DATED:**         _____
                                  **ATTORNEY(S) FOR DEFENDANT**