

# ROSEN LAW LLC

Attorneys at Law

216 Lakeville Road
Great Neck, New York 11020
T 516.437.3400
F 516.334.3000

500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
T 561.899.9999
F 561.584.6434

Gary Rosen, Esq. | NY, FL, NJ, PA, GA
Jared Rosen, Esq. | NY, FL, NJ
Jaime Rosen, Esq. | NY, FL, NJ, CT
Michael J. Noonan, Esq. | NY
Joseph G. Noonan, Esq. | NY, IL

January 28, 2022

*The parties can raise any open issues at the conference scheduled for 2/4/22.*
*So ordered.*
*John G. Koeltl*
*U.S.D.J.*
*1/31/22*

**Via CM/ECF**
United States District Judge John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**RE:  Baring Industries, Inc. v. 3 BP Property Owner LLC, et.al
Docket No. 19-CV-2829
United States District Court for the Southern District of New York**

Dear Judge Koeltl:

This office represents Plaintiff Baring Industries Inc. in the above entitled action.

This letter is made to request that a conference be held during the conference currently scheduled to take place on February 4, 2022 at 2:30 pm so that Plaintiff can be heard on its application to seek an extension of the time limitation imposed by Local Rule 6.3, within which Plaintiff may then timely serve and file a motion to pursuant to Fed. R. Civ. P. 60. This extension application is required prior to moving for reconsideration and re-argument.

This Court granted Defendants' Motion for Summary Judgment by the Court's Opinion and Order dated January 15, 2022, however, this office was not notified or served with the Order [Doc. No. 165] until the CM/ECF email bounce of such Order was sent on January 18, 2022.

Prior to the issuance of the Court's Order, Defendants' counsel requested oral argument of the Motions for Summary Judgment by letter dated October 7, 2021 [Doc. No. 163]. It is respectfully requested that in view of the fact that no oral argument was held in this matter and given that there were competing applications made by the parties for competing reliefs, Plaintiff was not afforded the opportunity to fully apprise the Court with its arguments, which could have been more meaningfully and fully appreciated by the Court had the parties been able to articulate such arguments during the requested oral argument.

The substantive issues Plaintiff seeks to address in such a reconsideration and re-argument motion are the applicable policy and case law relevant to the property owner's consent to the work performed by Plaintiff at the subject premises, as well as the labor and services provided by Plaintiff constituting permanent improvements to the subject premises in furtherance of the New York Lien Law. Additionally, Plaintiff seeks to address the fact that the relief granted to the Defendants could not properly be granted on Motion but rather only at trial. Finally, Plaintiff seeks to request a stay of the issuance of any Order by this Court to discharge and/or cancel the Plaintiff's subject Mechanic's Lien and the Defendants' corresponding Surety Bond.

It is respectfully submitted that this application would not prejudice the Defendants in any manner since the Court has already scheduled the aforementioned conference in this matter for February 4, 2022 at 2:30 p.m.

Thank you very much.

Respectfully submitted,

Gary Rosen

cc:   Mitchell Haddad, Esq.