UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARING INDUSTRIES, INC.,

                  Plaintiff,        19-cv-2829 (JGK)

    - against -                 MEMORANDUM OPINION AND ORDER

3 BP PROPERTY OWNER LLC, ET AL.,
                  Defendants.

---

JOHN G. KOELTL, District Judge:

    The plaintiff, Baring Industries, Inc. ("Baring"), brought this action principally to foreclose on a mechanic's lien (the "Lien") against a building in midtown Manhattan. 3 BP Property Owner LLC ("3 BP") and Westchester Fire Insurance Company ("Westchester"), two of the defendants named by Baring, brought counterclaims for willful exaggeration of the Lien, wrongful filing of the Lien, and injury to property. On January 15, 2022, the Court granted summary judgment to 3 BP and Westchester on their counterclaims after concluding that Baring violated New York Lien Law § 39 by willfully exaggerating the Lien by its entire amount, $320,356.94. Baring Indus., Inc. v. 3 BP Prop. Owner LLC, 580 F. Supp. 3d 41, 55 (S.D.N.Y. 2022). Pursuant to New York Lien Law § 39-a, the Court awarded 3 BP $320,356.94 in damages (the "Lien Award"). Id. at 56. On September 29, 2022, the Court also awarded 3 BP an additional $516,406.15 in attorney's fees and costs pursuant to Section 39-a (the "Fees

Award"). Baring Indus., Inc. v. 3 BP Prop. Owner LLC, No. 19-cv-2829, 2022 WL 4560738, at *1 (S.D.N.Y. Sept. 29, 2022).

3 BP now requests that the Court's final judgment in this case include prejudgment interest at 9% per annum on the Lien Award, prejudgment interest at 9% per annum on the Fees Award, and postjudgment interest at the federal statutory rate. Baring objects to the inclusion of prejudgment interest. For the following reasons, the final judgment shall include prejudgment interest on the Fees Award and postjudgment interest at the federal statutory rate, but the final judgment shall not include prejudgment interest on the Lien Award.

In this diversity action, "state law governs the award of prejudgment interest." Schipani v. McLeod, 541 F.3d 158, 164-65 (2d Cir. 2008). Under New York law, "a lien foreclosure action is an equitable action." Salerno Painting & Coating Corp. v. Nat'l Neurolabs, Inc., 842 N.Y.S.2d 81, 82 (App. Div. 2007). An award of prejudgment interest is therefore discretionary. See id.; N.Y. C.P.L.R. § 5001 ("[I]n an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."). "An award of interest is founded on the theory that there has been a deprivation of the use of money or its equivalent, and that an award of interest will make the aggrieved party whole; it is not

2

to provide a windfall." Spodek v. Park Prop. Dev. Assocs., 719 N.Y.S.2d 109, 110 (App. Div. 2001).[1]

3 BP argues that prejudgment interest on the Lien Award is appropriate to compensate 3 BP fully for its injury as a result of Baring's filing of a willfully exaggerated lien. 3 BP proposes prejudgment interest on the Lien Award to run from March 29, 2019, the date Baring commenced this action, until the date the Court enters final judgment, for a total sum of at least $102,213.06. But prejudgment interest on the Lien Award is not necessary to make 3 BP whole. The Lien Award compensates 3 BP for the amount that Baring exaggerated the Lien, and the Court has already awarded 3 BP its attorney's fees and other costs it incurred in prosecuting this case. Moreover, Baring correctly points out that 3 BP never requested prejudgment interest on the Lien Award until now. Accordingly, the Court declines to order prejudgment interest on the Lien Award.

On the other hand, the final judgment shall include prejudgment interest on the Fees Award. The Fees Award compensates 3 BP for costs 3 BP paid as premiums for the bond that discharged the Lien, attorney's fees that 3 BP incurred as a result of Baring's filing the willfully exaggerated Lien, and

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

court costs and miscellaneous other expenses 3 BP incurred during this lawsuit. See Baring, 2022 WL 4560738, at *3-7. Each of these damages represent money that 3 BP lost the use of after Baring filed the willfully exaggerated Lien. To make 3 BP whole, it is appropriate that 3 BP's compensation for these losses include an award of interest.

Accordingly, 3 BP shall be awarded prejudgment interest on the Fees Award at a rate of 9% per annum. See N.Y. C.P.L.R. § 5004 (providing that, generally, "[i]nterest shall be at the rate of nine per centum per annum"). As 3 BP requested, this award of interest shall be calculated from January 15, 2022, the date that the Court determined that Baring willfully exaggerated the Lien, until the entry of final judgment. See id. § 5001(b) ("Where [] damages were incurred at various times, interest shall be computed upon each time from the date it was incurred or upon all of the damages from a single reasonable intermediate date."); Solow Mgmt. Corp. v. Tanger, 797 N.Y.S.2d 456, 458 (App. Div. 2005) (reasoning that the calculation of prejudgment interest on a fee award should run from "the date the court determined that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees").

Finally, 3 BP is entitled to postjudgment interest at the federal statutory rate "from the date of the entry of the judgment." 28 U.S.C. § 1961; see also Schipani, 541 F.3d at 165

4

(explaining that "postjudgment interest is governed by federal statute" and "is mandatory").

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, 3 BP is entitled to prejudgment interest at 9% per annum on the Fees Award but not the Lien Award, and 3 BP is also entitled to postjudgment interest at the federal statutory rate.

3 BP is directed to submit a revised proposed judgment within five days of the date of this Memorandum Opinion and Order. Baring may submit any objections two days thereafter.

**SO ORDERED.**

Dated:   New York, New York
         November 9, 2022

                                           John G. Koeltl
                                 United States District Judge

5