**R ROSEN LAW LLC**

Attorneys at Law

216 Lakeville Road
Great Neck, New York 11020
T 516.437.3400
F 516.334.3000

Gary Rosen, Esq. | NY, FL, NJ, PA, GA
Jared Rosen, Esq. | NY, FL, NJ
Jaime Rosen, Esq. | NY, FL, NJ, CT
Michael J. Noonan, Esq. | NY
Joseph G. Noonan, Esq. | NY, IL

APPLICATION GRANTED
SO ORDERED

_____
John G. Koeltl, U.S.D.J.

12/16/22

500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
T 561.899.9999
F 561.584.6434

December 15, 2022

**Via CM/ECF**
United States District Judge John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE: **Baring Industries, Inc. v. 3 BP Property Owner LLC, et.al**
**Docket No. 19-CV-2829**
**United States District Court for the Southern District of New York**

Dear Judge Koeltl:

This office represents Plaintiff Baring Industries Inc. in the above entitled action.

In this letter motion is made in support of Plaintiff's request that this Court issue an Order to seal the Plaintiff's Financial Statement referenced as Exhibit "3" in the Declaration of Michael Fitzgibbon being submitted in support of Plaintiff's application for a stay of enforcement of the Judgment issued on November 17, 2022 (Doc. No. 205), pending appeal. It is respectfully submitted that public disclosure of this material would pose a real risk of inflicting commercial harm to Plaintiff, which accordingly, outweighs the presumption in favor of public disclosure.

Pursuant to this Court's Individual Rules, our firm has communicated with counsel for Defendant 3 BP Property Owner LLC to "meet and confer" about this letter motion to seal. However, at the time of the filing of this letter motion, Defendant 3 BP Property Owner LLC's counsel has not provided unconditional consent to Plaintiff's request to seal this document.

The document sought to be sealed is the Plaintiff's current financial statement regarding its assets and liabilities. In order to reduce or eliminate the risk of competitive harm from the disclosure of the Plaintiff's profit information, Courts have recognized this as a basis for warrants sealing in this case." See, Avocent Redmond Corp. v. Raritan Americas, Inc., No. 10-cv-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) ("The parties may file the following documents under seal because they include confidential business information—market

forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm.").

Sealing this document should outweigh the presumption for public access in this case. It is respectfully submitted that the Plaintiff's financial information sought to be sealed would not enable review of the issues that led to the grant of the Judgment in this case.

It is respectfully submitted that this application would not prejudice Defendants in any manner since Defendant 3 BP Property Owner LLC has already prevailed on their Motion for Summary Judgment and Judgment against Plaintiff without the Plaintiff's financial statement being any issue in this action and having any relevancy to the issues which were in dispute in this action itself. Furthermore, Defendant 3 BP Property Owner LLC would not expect or be entitled to the Plaintiff's financial statement merely by possessing a money Judgment against Plaintiff so it cannot be disputed that Defendant 3 BP Property Owner LLC would not be prejudiced by the instant motion to seal being granted.

Thank you very much.

Respectfully submitted,

Gary Rosen

cc: Mitchell Haddad, Esq.